UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                                                             Civil No. 10-3426 (JNE/SER)
                                                                             ORDER

Joseph E. Steinmaus, Washington
County Auditor-Treasurer, and
Pamela Fontaine,

       Defendants.

      The United States brought this action to obtain a judgment for unpaid federal tax liabilities assessed against Joseph E. Steinmaus, to foreclose federal tax liens encumbering real property in Washington County, Minnesota, and to distribute the proceeds from the foreclosure sale. The Court heard the United States' Motion for Summary Judgment on August 11, 2011. For the reasons stated at the motion hearing and summarized below, the Court grants in part and denies in part the motion.

      Evidence submitted by the United States indicates that the Internal Revenue Service assessed federal income tax, interest, and penalties against Steinmaus for tax years 1994 to 1998 and 2002 to 2005. As of June 13, 2011, Steinmaus owed the following amounts: for 1994, $12,612.87; for 1995, $31,747.59; for 1996, $69,881.08; for 1997, $145,719.87; for 1998, $48,136.52; for 2002, $68,242.28;[1] for 2003, $16,379.10; for 2004, $4,401.23; and for 2005, $13,271.12.

      Steinmaus does not dispute the amounts of tax assessed against him, but he claims that the calculation of interest and penalties may be incorrect. The burden of production with regard to penalties and interest is on the government. 26 U.S.C. § 7491 (2006). For tax years 1994 to

---

[1]    The amount for 2002 includes an estimated tax penalty of $518.86.

1998 and 2002 to 2005, the United States has met its burden of production with regard to penalties and interest by submitting Certified Forms 4340 and the Declaration of Deborah Olson. *See United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (per curiam); *Hefti v. IRS*, 8 F.3d 1169, 1172 (7th Cir. 1993); *see also United States v. Berk*, 374 B.R. 385, 391-92 (D. Mass. 2007).  Steinmaus had ample time during discovery to request information regarding the computation of interest and penalties.  Accordingly, the United States does not need to produce detailed computations of interest and penalties, or the date of each notice given to a taxpayer, in order to meet its burden of production with regard to interest or penalties.

Once the government meets its burden of production with regard to interest and penalties, the taxpayer must come forward with credible evidence to shift the burden of proof to the government.  *Higbee v. Comm'r*, 116 T.C. 438, 447 (2001); *see also Blodgett v. Comm'r*, 394 F.3d 1030, 1035 (8th Cir. 2005).  Here, Steinmaus has not come forward with evidence sufficient to shift the burden of proof to the United States.

An issue of fact remains with regard to the 2001 tax year.  Steinmaus claims that $7,500 in federal income tax was withheld from his income and reported to the Internal Revenue Service.  He asserts that the Internal Revenue Service failed to include this withholding in its calculation of his liability for the 2001 tax year. The Court cannot grant summary judgment in favor of the United States for the 2001 tax year.

In short, Steinmaus is liable for assessments made for federal income tax, interest, and penalties for tax years 1994 to 1998 and 2002 to 2005 in the amount of $410,391.66, plus interest, statutory additions, and accruals from June 13, 2011, until the amount owing is paid. The United States has valid and subsisting federal tax liens that arose at the time of federal income tax assessments against Steinmaus for tax years 1994 to 1998 and 2002 to 2005, and that

attached at the time of assessment to all property and rights to property held by Steinmaus, as well as to all of Steinmaus's subsequently acquired property and rights to property, including the real property (Property) located at 7279 40th Street North, Oakdale, Minnesota, and described as follows:

> The East 200 feet of the North 435.60 feet of the Northwest Quarter of the Northwest Quarter (NW 1/4 of the NW 1/4) of the section Seventeen (17). Township Twenty-nine (29) North of Range Twenty-one (21) West.

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims" if "there is no just reason for delay." Here, there is no just reason for delay of entry of judgment. *See United States v. Kocher*, 468 F.2d 503, 509 (2d Cir. 1972); *United States v. Beninati*, 632 F. Supp. 2d 116, 119-20 (D. Mass. 2009). The Court directs entry of a final judgment as to assessments for tax years 1994 to 1998 and 2002 to 2005. The Court also directs entry of a final judgment allowing the United States to foreclose its federal tax liens against the Property for tax years 1994 to 1998 and 2002 to 2005. For thirty days after August 11, 2011, the United States may not foreclose the liens.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The United States' Motion for Summary Judgment [Docket No. 41] is GRANTED IN PART and DENIED IN PART.

2. Judgment is entered in favor of the United States and against Joseph E. Steinmaus for federal income tax, interest, and penalties for tax years 1994 to 1998 and 2002 to 2005 in the amount of $410,391.66 plus interest, statutory additions, and accruals from June 13, 2011, until the amount owing is paid.

3. The United States has valid and subsisting federal tax liens that arose at the time of federal income tax assessments against Joseph E. Steinmaus for tax years 1994 to 1998 and 2002 to 2005, and that attached at the time of assessment to all property and rights to property held by Steinmaus, as

well as to all of Steinmaus's subsequently acquired property and rights to property, including the real property (Property) located at 7279 40th Street North, Oakdale, Minnesota, and described as follows:

> The East 200 feet of the North 435.60 feet of the Northwest Quarter of the Northwest Quarter (NW 1/4 of the NW 1/4) of the section Seventeen (17). Township Twenty-nine (29) North of Range Twenty-one (21) West.

4. The United States is entitled to foreclose its federal tax liens for tax years 1994 to 1998 and 2002 to 2005 against the Property. The Property will be sold pursuant to further Order of this Court. The United States shall submit a Proposed Order of Sale within sixty days of August 11, 2011. Steinmaus shall cooperate with the United States in its attempts to sell the Property.

5. Paragraph 4 of this Order is STAYED for thirty days after August 11, 2011.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 31, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

4